# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39480**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brian G. RAY**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 20 November 2019

————————————

*Military Judge:* Patricia E. Gruen.

*Approved sentence:* Dishonorable discharge, confinement for 2 years and 8 months, and reduction to E-1. Sentence adjudged 3 April 2018 by GCM convened at Kadena Air Base, Japan.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Clayton H. O'Connor, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

Senior Judge MINK delivered the opinion of the court, in which Judge LEWIS and Judge D. JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MINK, Senior Judge:

Appellant was found guilty by a military judge, in accordance with his pleas pursuant to a pretrial agreement (PTA), of two specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b, and one specification of attempting to commit a sexual act on

a child and one specification of attempting to commit lewd acts with a child both in violation of Article 80, 10 U.S.C. § 880.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for two years and eight months, and reduction to the grade of E-1. Before taking action, the convening authority deferred the reduction in grade and mandatory forfeitures of Appellant's pay and allowances until action. Upon action, the convening authority approved the adjudged sentence, but waived the mandatory forfeitures for a period of six months or release from confinement, whichever was sooner, for the benefit of Appellant's spouse.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant raises the sole issue of whether he is entitled to new post-trial processing because of errors in the staff judge advocate's recommendation (SJAR) and in the SJAR addendum. Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

The victim of Appellant's two sexual abuse offenses was LS, who submitted a written, unsworn victim impact statement for consideration by the court-martial. Because LS was overcome with emotion and unable to read the statement herself, her Special Victims' Counsel read the written statement aloud in court to the military judge. Trial defense counsel did not object to any portion of LS's statement during the court-martial and the written statement was admitted as a court exhibit by the military judge pursuant to Rule for Court-Martial (R.C.M.) 1001A. In her statement, LS made the following comment:

> Not only did [Appellant's] actions hurt me, but I watched it hurt my mom, too. It hurt her when she found out. That was one of the hardest things about what he did. To see the hurt in her knowing this happened to her little girl. In her own house.

During the post-trial processing of Appellant's case, the staff judge advocate (SJA) notified LS of her right to submit matters for the convening authority's consideration in taking action. LS submitted a copy of the identical written unsworn statement that she had provided at trial for consideration by the convening authority. LS's statement was attached to the SJAR and served on both Appellant and his trial defense counsel. In her Clemency Submission of Matters memorandum, trial defense counsel did not object or comment on any portion of LS's unsworn statement, including the above-quoted portion referencing LS's mother. The SJA did not comment on LS's statement in the SJAR or the SJAR addendum, other than to advise the convening authority that

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

2

"[p]ursuant to R.C.M. 1105A, the victim submitted matters for [his] consideration."

Additionally, in the SJAR, the SJA correctly advised the convening authority that the military judge sentenced Appellant to a dishonorable discharge, confinement for two years and eight months, and a reduction to the grade of E-1. The Report of Result of Trial attached to the SJAR also correctly stated the adjudged sentence. However, in her clemency memorandum, trial defense counsel erroneously stated that Appellant's adjudged sentence also included the forfeiture of all pay and allowances and a reprimand. In his addendum to the SJAR, the SJA did not comment on trial defense counsel's misstatement of the adjudged sentence, instead noting that after a review of Appellant's clemency matters, his recommendation to approve the adjudged sentence remained "unchanged."

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). "Failure to timely comment on matters in the SJAR, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). To prevail under a plain error analysis, an appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Scalo*, 60 M.J. at 436). The threshold for establishing prejudice from errors impacting an appellant's request for clemency from the convening authority is low, even in the context of plain error analysis, but there must be "some 'colorable showing of possible prejudice.'" *Id.* (quoting *Scalo*, 60 M.J. at 437).

Both Article 6b(b), UCMJ, detailing the rights of crime victims, and Article 60(d)(5), UCMJ, governing action by the convening authority, define a "victim" as a person "who has suffered direct physical, emotional, or pecuniary harm as a result of the commission of an offense" under the UCMJ. 10 U.S.C. §§ 806b(b), 860(d)(5). R.C.M. 1105A(b) contains a similar definition, adding that the accused must have been found guilty of the offense on which the convening authority is taking action. Article 60(d)(1), UCMJ, requires that a victim of an offense for which an accused has been found guilty and sentenced "shall be provided an opportunity to submit matters for consideration by the convening authority" before the convening authority takes action on the court-martial. 10 U.S.C. § 860(d)(1). Similarly, R.C.M. 1105A(a) provides that a victim "shall have the right to submit a written statement to the convening authority after

3

the sentence is adjudged," and R.C.M. 1107(b)(3)(A)(iv) specifically requires the convening authority to consider such a statement before taking action.

## B. Analysis

Appellant asserts that he is entitled to new post-trial processing because the SJAR was inadequate in that LS's statement did not comply with R.C.M. 1105A and referenced harm to a "third party," LS's mother. Additionally, Appellant asserts that even if the statement was properly before the convening authority as reflecting pain suffered by LS in observing her mother, the SJA failed to advise the convening authority to consider only how Appellant's offenses impacted LS, and not her mother. Appellant also asserts he is entitled to new post-trial processing because the SJAR addendum failed to correct the trial defense counsel's misstatement regarding the adjudged sentence. We disagree with both contentions.

### 1. Victim Impact Statement

On appeal, for the first time, Appellant asserts that LS's victim impact statement erroneously referred to harm suffered by her mother. While Appellant does not claim that LS did not meet the definition of a victim under Article 6b(b), UCMJ, Appellant does claim that it was improper for the convening authority to consider that portion of LS's statement referring to the harm suffered by her mother. The identical victim impact statement was not objected to at trial and the defense clemency submission did not comment on or otherwise object to the convening authority considering this portion of LS's statement. Therefore, we test for plain error.

While LS does refer to "hurt" suffered by her mother, it is clear from the context of the statement that LS is not only referring to harm suffered by her mother but also describing "emotional" harm that LS personally suffered as she witnessed the effect of Appellant's actions on her mother. Given this reading of LS's statement to which Appellant now objects, we find no error, plain or otherwise, and thus we decline to order new post-trial processing.

### 2. Clemency Memorandum Error

We next consider whether Appellant is entitled to new post-trial processing because the SJAR addendum did not correct the trial defense counsel's misstatement of the adjudged sentence. Relying on the summary disposition in *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016), Appellant argues that the SJA was required to correct the trial defense counsel's error regarding Appellant's adjudged sentence. We are not persuaded.

In view of the decision in *Addison*, we have, in the past, held that the failure of an SJA to correct a defense counsel's erroneous statement of *law* in a clemency submission may result in plain error and constitute a colorable showing of possible prejudice. *See, e.g.*, *United States v. Zegarrundo*, 77 M.J. 612 (A.F.

Ct. Crim. App. 2018). However, we have not previously held that an erroneous statement of *fact,* such as here in the recital of the adjudged sentence in the Defense clemency submission, requires correction by the SJA in the SJAR addendum pursuant to the holding in *Addison.*[2] Further, under the facts of this case, we decline to impose such a requirement.

Even assuming *arguendo* that the SJA was required to correct such a factual error in the Defense clemency submission, we still find that such an error would not require new post-trial processing in this case. Whether Appellant was prejudiced by such a plain and obvious error requires a court to consider whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), (citations omitted), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996) (citations omitted). The threshold of some colorable showing of possible prejudice to Appellant is low but still not met in this case. Appellant requested "some relief" from his sentence and Appellant's trial defense counsel requested only that the convening authority disapprove the adjudged reduction in rank. The trial defense counsel's misstatement of the adjudged sentence addressed a forfeiture of all pay and allowances and a reprimand, neither of which were adjudged nor could be acted on by the convening authority. As a result, we find no colorable showing of possible prejudice and we again decline to order new post-trial processing.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED.**

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[2] This circumstance is obviously different than that presented when the SJA has provided "[e]rroneous advice on substantial matters of fact or law" that "will invalidate the action when the error prejudices the [Appellant]." *United States v. Fields*, 74 M.J. 619, 624 (A.F. Ct. Crim. App. 2015) (citation omitted).