**UNITED STATES**

v.

**Airman First Class Bryan S. GRIFFAW, FR444–88–1571 United States Air Force.**

**ACM 32356.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 1 Aug. 1996.

Decided 18 June 1997.

Before PEARSON, MORGAN, C.H., II, and MORGAN, J.H., Appellate Military Judges.

OPINION OF THE COURT

PEARSON, Senior Judge:

Appellant asks us to set aside the convening authority's action because the post-trial

processing of his case was seriously flawed. We agree and grant the requested relief.

Appellant pled guilty to stealing property from other airmen, wrongfully appropriating Air Force property, and being wilfully derelict in his duties by transporting a loaded firearm in his car's glove box and storing ammunition in his dormitory room. The court sentenced him to a bad-conduct discharge, 18 months confinement, forfeiture of all pay and allowances, and reduction to E–1. However, a pretrial plea agreement (PTA) capped his jail term at 12 months.

The staff judge advocate (SJA) prepared a short staff judge advocate's recommendation (SJAR) advising the convening authority to cut the confinement to comply with the PTA but approve the remainder of the sentence as adjudged. *See* R.C.M. 1106. In a post-trial clemency submission, appellant asked the convening authority to further reduce his confinement below the 12 month cap. *See* R.C.M. 1105. In reply, the SJA prepared an addendum to his SJAR advising against further sentence relief stating:

> I note, as does defense counsel in his clemency request, that the accused had the benefit of a pretrial agreement in this case. As a result of his agreement, you may not approve a sentence which contains a period of confinement in excess of twelve months. In my opinion, the accused has already received clemency in the form of six months off of the sentence adjudged by the Court.

The SJA did not serve the addendum on appellant or his counsel for comment. *See* R.C.M. 1106(f)(7).

Appellant argues the SJA significantly misadvised the convening authority by equating a sentence reduction required by the pretrial agreement to clemency. We agree.

*Pretrial Agreement (PTA) and Clemency*

■ The convening authority uses the SJA's post-trial recommendation and any addendum as an aid in determining what action to take on the sentence. Article 60(d), UCMJ, 10 U.S.C. § 860(d); R.C.M. 1107(b)(3)(A)(ii); R.C.M. 1106(d). Consequently, the SJA must provide correct infor-

mation to the convening authority. Absent defense waiver or forfeiture (*see* R.C.M. 1106(f)(6)), erroneous advice on substantial matters of fact or law will invalidate the action when the error prejudices the accused. *See United States v. Reed,* 33 M.J. 98 (C.M.A.1991); *United States v. Kerwin,* 46 M.J. 588, 590 (A.F.Ct.Crim.App.1996) and cases cited therein.

■ A sentence cap in a court-martial PTA is not a grant of clemency nor is it a true plea bargain as often seen in civilian practice. Rather, it is more like a flood insurance policy on a house. You buy flood insurance, not because you want your house flooded, but because you want to put a ceiling on your loss if disaster strikes. In a court-martial, the PTA merely puts a ceiling on what would otherwise be a significantly high maximum punishment provided by law—a sentence insurance policy. In a bench trial, the judge is not aware of what the cap is. In a trial with court members, the members are not even aware that a PTA exists. The accused actually tries to "beat" the PTA at trial by arguing for a sentence below the cap, and the prosecutor usually argues for a sentence above the cap contemplating that the court will give something less. *See United States v. Kinman,* 25 M.J. 99, 101 (C.M.A. 1987).

■ Once the trial is over, the convening authority primarily focuses on whether to reduce the adjudged sentence as a matter of command prerogative—that is clemency. *See* R.C.M. 1107(b); *United States v. Diaz,* 40 M.J. 335, 340 (C.M.A.1994). Here, the SJA insinuated that the convening authority had already fulfilled that task by cutting the confinement from 18 to 12 months to comply with the PTA—at that point, the SJA erred. A convening authority does not exercise any command prerogative in reducing an adjudged sentence to comply with a PTA cap; rather, that officer merely abides by the agreement as required by law. *See* R.C.M. 705. Consequently, as a matter of command prerogative, the convening authority begins the clemency review of a sentence capped by a PTA at the lower of either the adjudged sentence or the sentence cap.

As for a remedy, we return the case for a new SJAR and action, realizing appellant has already completed his confinement, the part of the sentence he targeted for clemency. On appeal, he has not requested any other form of relief for this error. *Cf. United States v. Cook,* 43 M.J. 829 (A.F.Ct.Crim. App.1996), *aff'd,* 46 M.J. 37 (1997); *United States v. Thompson,* 43 M.J. 703 (A.F.Ct. Crim.App.1995), *pet. denied,* 44 M.J. 66 (1996).

*Other Post-trial Issues and Conclusion*

Since we return the case for a new SJAR and action, we need not address the other post-trial problems in this case, such as the inaccurate Report of Result of Trial (AF Form 1359), because the SJA will have an opportunity to fix them on the second post-trial review. Accordingly, the convening authority's action is set aside and the record of trial is returned for a new SJAR addendum and action.

Judge MORGAN, C.H., II, and Judge MORGAN, J.H., concur.