# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32542**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Tommy L. FAUGHN**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 26 November 2019

———————————

*Military Judge:* Michael D. Schag.

*Approved sentence:* Bad-conduct discharge, confinement for 120 days, reduction to the grade of E-1, and forfeiture of $1,092.00 pay per month for 5 months. Sentence adjudged 29 June 2018 by SpCM convened at Eglin Air Force Base, Florida.

*For Appellant:* Lieutenant Colonel Garrett M. Condon, USAF; Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Amanda L.K. Linares, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and RAMÍREZ, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge J. JOHNSON and Judge POSCH joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

RAMÍREZ, Judge:

A special court-martial composed of a military judge convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of two specifications of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The court-martial sentenced Appellant to a bad-conduct discharge, confinement for 120 days, reduction to E-1, and forfeiture of $1,224.00 pay for five months. As it relates to the forfeiture, the convening authority approved the sentence of forfeiture of $1,092.00 pay *per month* for five months.

Appellant raises two issues on appeal:[2] (1) that Appellant's sentence was inappropriately severe and (2) that Appellant was unlawfully deprived of his pay. We modify the sentence and affirm the findings and sentence, as modified.

## I. BACKGROUND

On 16 January 2018 Appellant went to a bar with some friends in Panama City, Florida. After having a few alcoholic drinks, Appellant was offered cocaine by his friend's boyfriend, and Appellant used it. Two days later, Appellant was subjected to a squadron urinalysis inspection and his sample was positive for a metabolite of cocaine as well as tetrahydrocannabinol (THC).

On 9 June 2018, Appellant again used cocaine at a bar where another Airman was present. After ingesting the drug, Appellant then drove his motorcycle on a highway at speeds above 100 mph, before he ultimately crashed.

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] While Appellant does not raise the following as an appellate issue, he included it in a footnote. Here, there were two separate specifications of wrongful use of cocaine—one as the original charge and one as an additional charge. In the footnote, Appellant noted that the charge sheet with the additional charge did not include instructions to join the additional charge and specification to the original court-martial, and included the incorrect date for Special Order AB-5. Appellant then concedes that when one reviews the special order number, the pretrial agreement, and the lack of objection by trial defense counsel, it is clear that the intention of the convening authority was to join the charges and try them together at this court-martial. It appears that while Appellant does not raise this as an assignment of error, he argues that a court must always satisfy itself that it has jurisdiction. Appellant is not incorrect. Even with these issues, however, this court is satisfied that the court below had jurisdiction over Appellant and the charged offenses.

After charges were preferred, Appellant and the convening authority entered into a pretrial agreement. As part of the agreement, Appellant agreed to plead guilty to the two specifications of wrongful use of cocaine. In return, the convening authority agreed to withdraw and dismiss a specification alleging wrongful use of marijuana as well as to approve a sentence of no greater than 120 days confinement if confinement were adjudged. Appellant pleaded guilty before a military judge sitting alone as a special court-martial, was found guilty, and was sentenced to a reduction to the grade of E-1, five months of confinement, forfeitures of $1,224.00 pay for five months, and a bad-conduct discharge. The military judge later realized he made an error regarding the forfeiture of pay and purported to reduce the amount to $1,092.00 pay for five months in an undated order of correction.

The sentence was announced on 29 June 2018. Immediately following the announcement of sentence on this same date, a paralegal informed the military judge via email that the maximum amount of forfeitures for an E-1 would be $1,092.00 pay per month for five months, and not $1,224.00 pay per month for five months. As a result, the military judge communicated with both trial counsel and trial defense counsel to see if they would agree to his adjusting the amount in an order instead of calling the court-martial back into session. Both counsel agreed. With that, the military judge issued an undated "order of correction" purporting to correct the "$1,224.00 pay for five months" to "$1,092.00 pay for five months." He then placed this order in the record of trial (ROT) and marked it as Appellate Exhibit V. On 10 July 2018, trial counsel prepared a "corrected" copy of the record of result of trial as follows: "forfeiture of ~~$1,224.00~~ $1,092.00 *pay per month* for 5 months." (Emphasis added.) The staff judge advocate recommendation (SJAR), the court-martial order, and the action all follow this with "$1,092.00 pay per month for five months." On 10 and 13 July 2018, trial counsel and trial defense counsel reviewed the ROT, respectively. Finally, on 23 July 2018, the military judge authenticated the ROT.

Subsequent to his conviction, Appellant filed a clemency request. In Appellant's clemency request, he described his substantial assistance for agents from the Air Force Office of Special Investigations (AFOSI). Appellant asserts that his substantial assistance to AFOSI included collecting evidence against his roommate who was accused of attempted sexual assault against a minor. However, Appellant failed to find any evidence relating to that allegation. Nevertheless, Appellant requested that the base legal office (specifically, trial counsel) recommend clemency in the case due to Appellant's substantial assistance. Trial counsel denied Appellant's request, because Appellant did not provide substantial support to the specific AFOSI investigation. Ultimately, the convening authority did not grant Appellant clemency other than reducing the term of confinement to 120 days in accordance with the PTA.

Appellant was released from confinement on 6 October 2018. Upon release he was not placed on leave but was instead told he needed to out-process. On or about 9 October 2018, Appellant was presented with an appellate leave form, which stated his appellate leave was to start on 13 October 2018. He was later presented with a new version of this document, with the original leave start date replaced with 24 October 2018.

During the time between his release date of 6 October 2018 and the start of his appellate leave on 24 October 2018, Appellant was ordered to stay on or around Eglin Air Force Base (AFB). In addition to out-processing appointments, he was told to check in regularly with his supervisor; however, the number of check-ins decreased over time. He was allowed to begin appellate leave on 24 October 2018.

## II. DISCUSSION

### A. Appellant's Sentence was Not Inappropriately Severe

This Court reviews sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382 (C.A.A.F. 2005). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). Sentence appropriateness should generally "be judged by 'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citing *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)).

This first assignment of error can be broken up into two parts: (1) that the convening authority was misadvised of his powers which led to an inappropriate sentence, and (2) how the Government's decision to not recommend clemency for Appellant's work with AFOSI agents led to an inappropriately severe sentence.

### 1. Advice to the Convening Authority Did Not Lead to an Inappropriately Severe Punishment

Appellant complains that the convening authority was misadvised as to his powers to disapprove, commute, or suspend the confinement portion of the sentence in this case. Particularly, Appellant points to the recommendation of the staff judge advocate which stated, "you have the authority to disapprove, commute, or suspend the adjudged sentence in whole or in part, *pursuant to a pretrial agreement*." (Emphasis added.) Appellant states that this implied to the convening authority that he was unable to disapprove, commute, or suspend the sentence below the pretrial agreement cap.

Appellant further claims that this led to an undercutting of the request for clemency since it made the convening authority think he was unable to lower the sentence even if he wanted. However, Appellant fails to point to any law that discusses inappropriate or incorrect advice given from a staff judge advocate to a convening authority that would warrant a reduction in sentence.

The staff judge advocate must provide correct information to the convening authority. *United States v. Fields*, 74 M.J. 619, 624 (A.F. Ct. Crim. App. 2015) (citing *United States v. Griffaw*, 46 M.J. 791, 792 (A.F. Ct. Crim. App. 1997)). Erroneous advice on substantial matters of fact or law will invalidate the action when the error prejudices the accused. *Id.* "The proper completion of post-trial processing is a question of law the court reviews de novo." *United States v. Zegarrundo*, 77 M.J. 612, 613 (A.F. Ct. Crim. App. 2018) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)), *rev. denied*, ___ M.J. ___, No. 19-0407, 2019 CAAF LEXIS 741 (C.A.A.F. 8 Oct. 2019). "To meet this burden in the context of a [SJAR] error . . . an appellant must make 'some colorable showing of possible prejudice.'" *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

Here, Appellant has failed to demonstrate how the line "pursuant to a pretrial agreement" was error that would cause prejudice to him or warrant a reduction in his sentence on appeal. This language matches the statutory language from Article 60(c)(4)(C), UCMJ, setting forth the convening authority's ability to modify the sentence where a PTA exists. 10 U.S.C. § 860(c)(4)(C); *see* Rule for Courts-Martial (R.C.M.) 1107(d)(1)(C)(ii). Appellant provides no evidence that the convening authority did, in fact, misunderstand his powers and fails to show any relevant case law supporting his position. In fact, Appellant, through trial defense counsel, correctly advised the convening authority that he had unlimited power to reduce Appellant's confinement sentence and the staff judge advocate took no steps in her Addendum to the SJAR to make any corrections to the advice trial defense counsel gave. Furthermore, Appellant has not demonstrated a "colorable showing" of any prospect that the convening authority would have further reduced his term of confinement below the PTA limitation had the "error" not occurred.

### 2. Work with AFOSI Agents Does Not Mandate a Sentence Reduction

Appellant next claims that the base legal office failed to recommend leniency due to Appellant's help during an AFOSI investigation. However, Appellant fails to explain or provide any applicable law that requires favorable clemency action where an accused assisted in a law enforcement investigation, in the absence of a clemency recommendation by the trial counsel. *See* R.C.M. 1107(d)(1)(C)(i). Nonetheless, Appellant suggests that this court

should reconsider the bad-conduct discharge in an act that would not be mercy, but rather giving adequate credit to Appellant for the assistance he provided to the AFOSI agents.

We have reviewed and considered the nature and seriousness of Appellant's offenses, his service record, his work with AFOSI agents, and all matters contained in the record of trial, including his arguments on appeal, and find the bad-conduct discharge and approved confinement appropriate.

## B. Whether Appellant was Unlawfully Deprived of His Pay

Appellant's second assignment of error can also be addressed in two parts. Appellant first avers that "[b]ecause the military judge failed to include the words 'per month' in the announced sentence, the $1,092.00 amount announced must be deemed the total amount of forfeitures adjudged." Second, Appellant argues that he should have received pay through the start of his appellate leave, 24 October 2018.

Sentence appropriateness is reviewed de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *Baier*, 60 M.J. at 382.

"Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last." R.C.M. 1003(b)(2). Even when a term of months is announced in connection with adjudged forfeitures, if the sentence announced does not include the words "per month," then the dollar amount of the adjudged forfeitures is deemed the total amount to be forfeited. *See United States v. Johnson*, 32 C.M.R. 127, 128 (C.M.A. 1962). This court may affirm only so much of the sentence "as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c).

There are two errors regarding the sentence the military judge announced at trial. First, the adjudged forfeiture of "$1,224.00 pay for five months" was evidently calculated based on the grade of E-2 rather than Appellant's reduced grade of E-1. The military judge was made aware of his error after trial, and attempted to correct the error with an undated "order of correction" that purported to reduce the forfeiture to "$1,092.00 pay for five months." The parties accepted that this correction reduced the forfeiture from "$1,224.00" to "$1,092.00." However, the military judge did not make a new announcement of the sentence in compliance with R.C.M. 1007(b), and his attempted

correction was thus without effect.[3] Accordingly, the adjudged sentence remained "$1,224.00 pay for five months," and the post-trial documents referring to an *adjudged* forfeiture of "$1,092.00" are erroneous.

Second, the adjudged sentence imposed the forfeiture "for five months," but not "*per month* for five months." In *United States v. Jones*, this court held that "if the duration of forfeitures is not specified in the action, their duration shall not exceed one month." 60 M.J. 964, 972 (A.F. Ct. Crim. App. 2005). This court has applied this principle from *Jones* to cases such as Appellant's in which the convening authority purported to insert the term "per month" where the sentencing authority had omitted such language from the announced sentence. *See United States v. Harkcom*, No. ACM S31904, 2012 CCA LEXIS 403, at *1–2 (A.F. Ct. Crim. App. 18 Oct. 2012) (per curiam) (unpub. op.). In *Harkcom*, we explained that the omission of "per month" in the announced sentence was an omission of the duration of the forfeiture for purposes of *Jones*, such that the adjudged forfeiture could be approved for only one month. *Id.* at *2; *accord United States v. Van Prooyen*, No. ACM S31777, 2010 CCA LEXIS 413, at *1–2 (A.F. Ct. Crim. App. 17 Dec. 2010) (per curiam) (unpub. op.), *rev. denied*, 2011 CAAF LEXIS 218 (C.A.A.F. 21 Mar. 2011); *United States v. Clelan*, No. ACM 37150, 2009 CCA LEXIS 35, at *1–4 (A.F. Ct. Crim. App. 29 Jan. 2009) (per curiam) (unpub. op.). We reach a similar conclusion in Appellant's case.

Therefore, Appellant's adjudged forfeiture could only be approved for one month. Furthermore, Appellant's adjudged forfeiture of $1,224.00 pay exceeded two-thirds of the pay of Appellant's reduced grade of E-1, or $1,092.00,

---

[3] We are aware of this court's unpublished opinion in *United States v. Colkmire*, No. ACM S31564, 2010 CCA LEXIS 125 (A.F. Ct. Crim. App. 25 Jan. 2010) (unpub. op.). There, similar to Appellant's case, the military judge recognized after trial that she had imposed forfeitures of pay that exceeded the maximum allowable monthly amount. *Id.* at *1–2. With the concurrence of the parties, and without reannouncing the correct sentence in accordance with R.C.M. 1007(b), the military judge issued an order indicating a corrected forfeiture amount, which the convening authority approved. *Id.* at *2–3. On appeal, this court found, *inter alia*, that the appellant had affirmatively waived his right to object to the military judge's failure to adhere to R.C.M. 1007(b), and that he was not prejudiced by any error. *Id.* at *5–11. However, the opinion also suggests the military judge's order in fact modified the announced sentence, the requirements of R.C.M. 1007(b) notwithstanding. *Id.* at *9. We cannot agree with this view. To the extent that *Colkmire* stands for the proposition that a military judge is not required to comply with R.C.M. 1007(b) in order to correct an erroneous announcement of the sentence, we do not find its reasoning persuasive, and we conclude otherwise.

the maximum allowable amount of his monthly forfeiture. *See* R.C.M. 201(f)(2)(B)(i). Accordingly, the adjudged sentence of "$1,224.00 pay for five months" only allowed for the convening authority to lawfully approve a forfeiture of pay of $1,092.00 for one month.

The Government recognizes the error and concedes the point. Rather than remanding the case back for new post-trial processing, both sides request this court to modify the sentence to the correct amount of forfeitures that could be lawfully imposed based on the adjudged sentence. Therefore, this court approves forfeitures only in the amount of $1,092.00 total.

Finally, Appellant argues that he was deprived of pay because he was entitled to pay through the start of his appellate leave on 24 October 2018. Appellant alleges he was prematurely cut off from receiving his pay on 12 October 2018.

This court must first determine whether it has jurisdiction over Appellant's pay issue. *United States v. Towns*, 52 M.J. 830, 833 (A.F. Ct. Crim. App. 2000), *aff'd*, 55 M.J. 361 (C.A.A.F. 2001). Jurisdiction is a question of law we review de novo. *United States v. Buford*, 77 M.J. 562, 564 (A.F. Ct. Crim. App. 2017) (citation omitted). In *Buford*, this court explained that Article 66(c), UCMJ, 10 U.S.C. § 866(c), does not grant us unlimited power to "grant relief for an administrative matter unrelated to any legal deficiency and unconnected to the legality or appropriateness of a court-martial sentence." 77 M.J. at 565. In the case at hand, the timing of Appellant's pay is a pay matter that does not concern the legality or appropriateness of the court-martial sentence. Further, Appellant does not contend that the withholding was meant in retaliation, as an extra punitive measure, as a legal deficiency, or something that was meant to be an unfair sentence. As such, this court has no jurisdiction over the alleged irregularity in Appellant's receipt of pay. *See id.* at 566. Appellant has other appropriate venues to bring this matter.

### III. CONCLUSION

We affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 120 days, reduction to the grade of E-1, and forfeiture of $1,092.00. The approved findings and the sentence, as modified, are correct in law and fact, and no further error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence, as modified, are **AF-FIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court