# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM S32752

———————————

**UNITED STATES**
*Appellee*

**v.**

**Dontavius A. BATES**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 August 2024

———————————

*Military Judge*: Bradley J. Palmer.

*Sentence*: Sentence adjudged 12 January 2023 by SpCM convened at Minot Air Force Base, North Dakota. Sentence entered by military judge on 15 February 2023: Bad-conduct discharge, confinement for 90 days, reduction to E-1, and a reprimand.

*For Appellant*: Major David L. Bosner, USAF; Captain Michael J. Bruzik, USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF; Major Olivia B. Hoff, USAF; First Lieutenant Deyana F. Unis, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge KEARLEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MASON, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongfully using cocaine on divers occasions and one specification of wrongfully using marijuana on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] Appellant was sentenced to a bad-conduct discharge, confinement for 90 days, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or sentence. Appellant did not request a waiver of the automatic forfeitures; however, the convening authority waived all automatic forfeitures for six months, release from confinement, or expiration of Appellant's term of service, whichever came soonest. He directed $1,278.00 in waived forfeitures be paid to Appellant's spouse for the benefit of Appellant's dependent child.

Appellant raises four issues on appeal: (1) whether trial counsel engaged in prosecutorial misconduct by introducing records from Appellant's participation in a substance abuse rehabilitation program in violation of Air Force regulations; (2) whether trial counsel committed prosecutorial misconduct by engaging in improper argument; (3) whether Appellant's sentence is inappropriately severe; and (4) whether the Government can prove that 18 U.S.C. § 922 is constitutional because it cannot demonstrate that here, where Appellant was not convicted of a violent offense, the statute is consistent with the nation's historical tradition of firearm regulation.

We have carefully considered issue (4) and find Appellant is not entitled to relief. As we recognized in *United States v. Vanzant*, __ M.J. __, No. ACM 22004, 2024 CCA LEXIS 215, at *22–25 (A.F. Ct. Crim. App. 28 May 2024), and *United States v. Lepore*, 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc), this court lacks authority to provide the requested relief regarding the 18 U.S.C. § 922 prohibition notation on the staff judge advocate's indorsement to the entry of judgment or Statement of Trial Results. As to the remaining issues, we find no error materially prejudicial to Appellant's substantial rights and affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty on 5 March 2019, and in the summer of 2022 he was stationed at Minot Air Force Base, North Dakota. On 4 July 2022, Appellant attended a party at an off-base residence. While there, he consumed

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

alcohol and was invited to use cocaine. Appellant accepted the offer. Three days later, Appellant was selected for a random urinalysis inspection. His urine sample tested positive for metabolites of cocaine. Pursuant to the unit's re-inspection policy, Appellant provided another urine sample on 18 July 2022. Appellant's urine sample tested positive for cocaine metabolites and tetrahydrocannabinol (THC), a metabolite of marijuana.

After his initial cocaine use, Appellant developed a physical and psychological craving for cocaine and began seeking out more cocaine from his civilian friend. They would ingest cocaine and marijuana in social settings.

On 19 July 2022, Appellant was command-referred to the Alcohol and Drug Abuse Prevention and Treatment Program (ADAPT) on base for substance abuse treatment.

On 15 August 2022, again pursuant to the unit's re-inspection policy, Appellant provided another urine sample. That sample tested positive for cocaine and marijuana metabolites. Appellant was subsequently recommended by ADAPT officials to receive a "higher level of care." Appellant began that treatment on 30 August 2022 in Colorado. On 27 September 2022, Appellant successfully completed the treatment. However, he did not successfully complete the ADAPT program.

Following his discharge from treatment, Appellant resumed reaching out to his civilian friend and resumed using cocaine. He continued to be tested and continued to have urine samples reported as positive for drug metabolites. As a result, Appellant was ordered to be restricted to base. No longer able to access cocaine, somehow Appellant was able to buy marijuana from an on-base drug dealer. Appellant used the marijuana on multiple occasions. His urine samples tested positive for THC five more times in the next six weeks. Appellant was then ordered into pretrial confinement.

Appellant's trial defense counsel negotiated a plea agreement with the convening authority in this case. As part of that agreement, Appellant agreed to stipulate to the facts of the case. The parties stipulated that Appellant "received substance abuse treatment" from ADAPT; ADAPT notified Appellant's commander that Appellant "failed the ADAPT treatment program;" and "[w]hile under treatment by ADAPT, [Appellant] tested positive for illicit substances, to include cocaine, multiple times."

During the presentencing proceedings in this case, trial counsel sought to admit a memorandum regarding a "Recommendation of Treatment Failure for [Appellant]." Upon presentation of the proposed exhibit, the military judge asked, "Defense [c]ounsel, any objection to Prosecution Exhibit 11 for identification?" Trial defense counsel responded, "No, Your Honor."

Trial counsel called Appellant's commander, Lieutenant Colonel (Lt Col) JA, to testify about Appellant's ADAPT treatment and his belief that Appellant was not honest throughout his treatment process. Trial defense counsel did not object to any of this testimony.

## II. DISCUSSION

### A. ADAPT Memorandum

#### 1. Additional Background

As part of the sentencing phase of Appellant's court-martial, trial counsel offered for admission a memorandum from the ADAPT program that contained what Appellant considers "sensitive information" and privacy information that commanders are required to protect per regulations. In his brief, Appellant explains that the memorandum "contained derogatory information about [his] time in ADAPT, including allegations that he was dishonest, that he had tested positive for cocaine after being tested within the command-referred program, and that he was ultimately removed for failing to comply with treatment recommendations." The memorandum further recommended Appellant "be administratively separated from the Air Force."

Before admitting the memorandum as an exhibit, the military judge asked trial defense counsel if she had any objections. She responded, "No, Your Honor." Trial counsel then referred to the memorandum as evidence in aggravation as identified in Section II.B.1, *supra*.

#### 2. Law

"Whether an appellant has waived an issue is a legal question that this [c]ourt reviews de novo." *United States v. Cunningham*, 83 M.J. 367, 374 (C.A.A.F. 2023) (quoting *United States v. Davis*, 79 M.J. 329, 332 (C.A.A.F. 2020)), *cert. denied*, 144 S. Ct. 1096 (2024).

"Under the ordinary rules of waiver, Appellant's affirmative statements that he had no objection to the admission of the contested evidence also operate to extinguish his right to complain on appeal." *Davis*, 79 M.J. at 331 (alterations, omission, and citation omitted). Where an appellant has affirmatively waived any objection to the admission of evidence, there is nothing left for us to correct on appeal. *See id.* (citation omitted).

#### 3. Analysis

Appellant alleges that trial counsel engaged in prosecutorial misconduct by offering an exhibit that would not be admissible under applicable regulations. For the reasons set forth below, we need not address whether merely offering

the exhibit was prosecutorial misconduct as any objection to the admission of the exhibit was waived.[2]

Before admitting the exhibit, the military judge asked trial defense counsel if she had any objections. She responded, "No, Your Honor." By doing so, she did not just fail to object, but affirmatively declined to object. *See Cunningham*, 83 M.J. at 374 (finding express waiver to trial counsel's sentencing argument where trial defense counsel affirmatively declined to object by answering "no" to the military judge's question). We find Appellant waived any objection to the admission of this exhibit.

## B. Trial Counsel Sentencing Argument

Appellant alleges that trial counsel made several improper arguments during sentencing argument and as a result, urges this court to set aside the adjudged bad-conduct discharge and approve only 60 days of confinement.

### 1. Additional Background

Appellant's brief alleges seven portions of trial counsel's sentencing argument were improper. Specifically, the following allegedly were improper because they were unsupported by the record: (1) the statement that Appellant "actively contributed to and facilitated the illicit drug enterprise on [the] installation" (alteration in original); (2) trial counsel's characterization of matters contained in Appellant's letters of reprimand as a "snap shot" of how Appellant's unit had "to deal with him over the last [four] to [six] months;" (3) the statement that "to add insult to injury, throughout this entire time, we know [Appellant] was definitely using drugs on base" (alteration omitted); and (4) trial counsel's claim that Appellant's leadership "thought oh, he's out getting high." He asserts trial counsel improperly argued matters in the ADAPT memorandum as evidence in aggravation by stating,

> [(5)] [Appellant] does cocaine again. He fails ADAPT which recommends his discharge from the Air Force. But this wasn't a one off. It was the last straw for ADAPT, and that's reflected in the

---

[2] Merely offering an exhibit in an Article 39a, UCMJ, 10 U.S.C. § 839(a), session or before a court-martial consisting of a military judge sitting alone would not yield prejudicial error, even if the exhibit was not admissible, unless the exhibit was actually admitted. *See United States v. Hays*, 62 M.J. 158, 166 (C.A.A.F. 2005) (explaining even in a plain error analysis, when the alleged error involves a judge-alone trial, an appellant faces a particularly high hurdle and is "rare indeed"). In a circumstance where the exhibit is admitted, the analysis would not focus on whether the *offering* was improper, but whether the *admission* was erroneous. Appellant's creative framing of the issue notwithstanding, Appellant waived objection to the admission of this exhibit.

> ADAPT memo[randum] that the [G]overnment offered as a sentencing exhibit. And also what that memo[randum] reflects is that [Appellant] is dishonest throughout [his time at ADAPT].

Next, Appellant claims the statement that: (6) "[t]he longer he is sober, albeit forced to be sober, the greater chance that he has to ultimately be rehabilitated," was an improper comment on a collateral matter. According to Appellant, trial counsel concluded their argument with an improper personal attack against him—in that Appellant:

> [(7)] would rather do drugs than be a positive role model in his son's life, so that his son never has to lead the life that he had led over the last [six] months. And [Appellant has] demonstrated time and time again[ ] that he would rather do drugs than be a husband who is there to take [care] of his wife and support her with their young child.

Trial counsel recommended that Appellant be sentenced to a bad-conduct discharge, 120 days of confinement, with 60 days of credit for time served, reduction to the grade of E-1, and two-thirds forfeiture of pay per month for four months. Trial defense counsel did not object to any of trial counsel's seven sentencing arguments detailed above, or any other portion of the sentencing argument.

**2. Law**

"Prosecutorial misconduct can be generally defined as action or inaction by a prosecutor in violation of some legal norm or standard, *e.g.*, a constitutional provision, a statute, a Manual rule, or an applicable professional ethics canon." *United States v. Meek*, 44 M.J. 1, 5 (C.A.A.F. 1996) (citation omitted). A prosecutor's interest "in a criminal prosecution is not that it shall win a case, but that justice shall be done." *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005) (quoting *United States v. Berger*, 295 U.S. 78, 88 (1935)).

"We review prosecutorial misconduct and improper argument de novo . . . ." *United States v. Voorhees*, 79 M.J. 5, 9 (C.A.A.F. 2019) (citations omitted). When no objection is made at trial, we review for plain error. *United States v. Andrews*, 77 M.J. 393, 398 (C.A.A.F. 2018) (citations omitted). "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused." *Id.* at 401 (quoting *Fletcher*, 62 M.J. at 179). We do not review counsel's words in isolation; we review the argument within "context of the entire court-martial." *United States v. Baer*, 53 M.J. 235, 238 (C.A.A.F. 2000) (citations omitted).

"Trial counsel may argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence . . . ." *United States v. Hasan*, 84 M.J. 181, 220 (C.A.A.F. 2024) (internal quotations and citation omitted).

"Appellate judges must exercise care in determining whether a trial counsel's statement is improper or has improper connotations." *United States v. Palacios Cueto*, 82 M.J. 323, 333 (C.A.A.F. 2022). "The [United States] Supreme Court has emphasized that 'a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). "A statement that might appear improper if viewed in isolation may not be improper when viewed in context." *Id.* (citing *Donnelly*, 497 U.S. at 645).

If we find a prosecutor's argument "amounted to clear, obvious error," we then determine "whether there was a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Voorhees*, 79 M.J. at 9 (internal quotations marks and citations omitted). In analyzing prejudice from a prosecutor's improper sentencing argument, we consider: "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction." *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013) (quoting *Fletcher*, 62 M.J. at 184) (applying the factors in *Fletcher* relating to findings argument to sentencing argument).

"[T]he lack of a defense objection is 'some measure of the minimal impact of a prosecutor's improper comment.'" *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001) (quoting *United States v. Carpenter*, 51 M.J. 393, 397 (C.A.A.F. 1999)).

Military judges are presumed to know the law and follow it absent clear evidence to the contrary, and to distinguish between proper and improper arguments. *United States v. Leipart*, __ M.J. __, No. 23-0163, 2024 CAAF LEXIS 439, at *33 (C.A.A.F. 1 Aug. 2024).

In a plain error analysis, the most straightforward way of resolving an allegation of prosecutorial misconduct may be to do so based on prejudice. *Palacios Cueto,* 82 M.J. at 335 (citation omitted).

### 3. Analysis

Arguments as referenced in (1), (3), (6), and (7) are supported by the evidence. That Appellant used drugs on base after being restricted to base was properly before the military judge per Appellant's admissions during the

guilty-plea inquiry. Moreover, Lt Col JA's testimony revealed Appellant's drug use ceased once he was ordered into pretrial confinement. Thus, trial counsel's comment that Appellant's sobriety through confinement would increase the chance of rehabilitation is fair argument in this case. Further, in addition to evidence of numerous incidents of drug use, the record demonstrates that Appellant had a spouse and child. Trial counsel's argument that Appellant chose to use drugs rather than being "a husband who is there to take care of his wife and support her with their young child" was fair comment based on the evidence.

Regarding the remaining arguments, we need not determine whether they amount to plain or obvious error. Rather, we resolve this issue by assuming error and evaluating prejudice. *See Palacios Cueto,* 82 M.J. at 335. We note first that the sentencing authority was the military judge sitting alone. Here, the military judge made no comments on the record ratifying the putatively improper sentencing arguments; thus, there is no evidence to overcome the presumption that the military judge distinguished between proper and improper arguments at trial. *See Leipart*, 2024 CAAF LEXIS 439, at *33. There is nothing about this case that dissuades us from presuming as much here.

Second, application of the prejudice analysis confirms Appellant is not entitled to relief. The arguments at issue were not particularly severe, even if erroneous. The military judge did not expressly disregard any of the alleged erroneous comments; but as there were no objections raised as to any of them, the military judge may have simply disregarded the improper comments and permitted counsel to continue without interruption. *See id.* Furthermore, the weight of the evidence supported Appellant's adjudged sentence. Under these circumstances, trial counsel's argument, viewing each portion individually and in the aggregate in context, did not result in material prejudice to a substantial right and we are confident that Appellant was properly sentenced based on the evidence alone.

## C. Sentence Appropriateness

### 1. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 n.8 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record . . . ." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (citations omitted). We must also be sensitive to "considerations of uniformity and evenhandedness." *United States v. Sothen*, 54. M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). While we have significant discretion in determining whether a

particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *See United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

When conducting our review, we not only consider the appropriateness of the entire sentence, but also "must consider the appropriateness of each segment of a segmented sentence." *United States v. Flores*, 84 M.J. 277, 282 (C.A.A.F. 2024) (citation omitted).

"Absent evidence to the contrary, [an] accused's own sentence proposal is a reasonable indication of its probable fairness to him." *United States v. Cron*, 73 M.J. 718, 736 n.9 (A.F. Ct. Crim. App. 2014) (citation omitted). Thus, when considering the appropriateness of a sentence, we may consider that a plea agreement to which Appellant agreed placed upper limits on the sentence that could be imposed. *See Fields*, 74 M.J. at 625–26.

**2. Analysis**

Appellant argues that his sentence is inappropriately severe and requests that we set aside the adjudged bad-conduct discharge and reduce the total confinement to 60 days. We decline to do so.

Considering Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record, Appellant's sentence is not inappropriately severe. His matters in mitigation and extenuation, including his purported reason for turning to drug use (a traumatic family event) as well as his subsequent development of a substance abuse disorder, and the other matters he submitted for consideration do not undermine the appropriateness of his sentence.

We recognize this case involves two drugs, each used on divers occasions off base with civilians. When Appellant's command intervened and ordered him restricted to base, he found a way to get marijuana on base for his repeated use. Only when he was finally ordered into pretrial confinement did his misconduct cease.

Of note, the confinement term adjudged for the repeated marijuana use (76 days) was the minimum term permitted in the plea agreement and the confinement term adjudged for the repeated cocaine use (90 days) was only 14 days more than the minimum term permitted. The confinement term was also somewhat lower than the 120-day maximum that the military judge could have adjudged consistent with the agreement. Furthermore, it was only 10 days more than the 80 days trial defense counsel argued was appropriate. Appellant's plea agreement set no limitation on a sentence to a bad-conduct discharge. These provisions are some indications of the adjudged sentence's probable fairness to Appellant. *Cron*, 73 M.J. at 736 n.9. Evaluating Appellant's

sentence, both with regard to each segment as well as in the aggregate, it is not inappropriately severe.

## III. CONCLUSION

The findings as entered are correct in law and the sentence as entered is correct in law and fact. No error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court