# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32722**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jacob R. BENNETT**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 July 2023

————————————

*Military Judge*: Pilar G. Wennrich.

*Sentence*: Sentence adjudged on 30 December 2021 by SpCM convened at Wright-Patterson Air Force Base, Ohio. Sentence entered by military judge on 13 January 2022: Bad-conduct discharge, confinement for 100 days, and reduction to E-1.

*For Appellant*: Major Nicole J. Herbers, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MERRIAM, and ANNEXSTAD, *Appellate Military Judges*.

Judge MERRIAM delivered the opinion of the court, in which Chief Judge JOHNSON and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MERRIAM, Judge:

A special court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and a plea agreement, of one specification

of failure to go on divers occasions, two specifications of wrongful use of cocaine, one specification of wrongful use of fentanyl, and one specification of wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 100 days, and reduction to the grade of E-1.[2]

Appellant did not submit matters for the convening authority's consideration and the convening authority took no action on findings or sentence. The military judge entered judgment as adjudged. Appellant received 71 days of pretrial confinement credit.

Appellant submitted the case through counsel "on its merits with no specific assignments of error," but, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant asked that we consider the following matter: whether Appellant's sentence was inappropriately severe.[3] Though we find the sentence as a whole was not inappropriately severe, we modify the sentence to address an error not raised by Appellant:[4] the portion of Appellant's segmented sentence to confinement for the Specification of Charge I exceeded the maximum punishment authorized. We affirm the findings as entered. Regarding Appellant's sentence to confinement for the Specification of Charge I, we affirm only one month confinement. We affirm the remaining sentence as entered.

## I. BACKGROUND

In late September 2021, approximately one-and-a-half years after Appellant entered active duty in the United States Air Force, members from Appellant's unit completed a "health and wellness check" at Appellant's off-base

---

[1] All references to the UCMJ, the Manual for Courts-Martial, and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial*, *United States* (2019 ed.).

[2] Specifically, the military judge sentenced Appellant to 100 days' confinement for each of the five specifications of which Appellant was convicted and, in accordance with the plea agreement, the military judge directed all terms of confinement to run concurrently.

[3] Appellant also noted that he "understands this Court will . . . review the entire record of this proceeding for factual and legal sufficiency . . . as is provided for and required by Article 66(d), UCMJ, 10 U.S.C. § 866(d)." We did not consider factual sufficiency because Appellant did not make "a specific showing of a deficiency in proof" as required by 10 U.S.C. § 866(d)(1)(B)(i). National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, § 542(b)(1)(B), 134 Stat. 3388, 3612 (1 Jan. 2021). We further note Appellant pleaded guilty to the offenses of which he was convicted.

[4] To its credit, in its answer to Appellant's merits brief, the Government alerted this court to the sentencing error necessitating modification.

residence because he did not report to work and did not respond to phone calls. Around midday, Appellant "answered the door in his pajamas and flip flops" and his "pupils were enlarged." Based on Appellant's physical condition and the disarray of his home, a search authorization for Appellant's bodily fluids was obtained, with the results showing 2,860 nanograms per milliliter (ng/mL) of a cocaine metabolite in his system. Appellant later admitted he had used cocaine with his then-girlfriend, KJ, between 18 and 19 September 2021.

Between 4 and 19 October 2021, on seven different occasions Appellant failed to report for duty on time. Though required to report for duty at 0730, on these days, Appellant did not arrive at work until between 1000 and 1300. During the guilty plea inquiry, Appellant explained that "most of the time" he was "just sleeping and [ ] would wake up and report in around between 10 or 1."

On or about 20 October 2021, Appellant again used cocaine. Appellant purchased what he believed to be "normal cocaine" from a civilian who approached his car while he was parked in an off-base store parking lot. Unbeknownst to him, the cocaine was laced with fentanyl. Appellant was in the car with KJ and his 2-year-old son. Appellant "tested" the substance and shortly thereafter he "became unresponsive." As Appellant described to the military judge during the providence inquiry, the cocaine and fentanyl combination "basically killed me, ma'am. My head started spinning and then I remember waking up in the back of [an] ambulance." KJ called 911. Members of the Dayton Police Department and Dayton Fire Department responded and administered Nalzone, which helped Appellant regain consciousness. This incident triggered a second search authorization, and blood and urine samples were collected. The results showed 28,828 ng/mL of a cocaine metabolite and 5 ng/mL of fentanyl in his system. The sample also revealed 16 ng/mL of a marijuana metabolite in Appellant's system. Appellant subsequently admitted that he had used marijuana sometime between 29 September 2021 and 20 October 2021. He admitted he smoked a "joint" with KJ in his home and that he did not like its effects, because it caused him to feel "lightheaded, hungry, and lethargic."

## II. DISCUSSION

### A. Whether Appellant's Sentence is Inappropriately Severe

#### 1. Additional Background

Appellant's plea agreement required that he be sentenced to between 100 and 180 days of confinement for each specification and that all confinement run concurrently. The plea agreement contained no additional limitations or restrictions on sentence. The military judge imposed the minimum

confinement allowable under the plea agreement of 100 days per specification, along with a bad-conduct discharge and reduction to the grade of E-1.

Appellant asks this court to disapprove the adjudged punitive discharge because the sentence "was inappropriately severe given the matters in mitigation and extenuation" that "clearly documented mental health concerns, attempts to seek care, and no unit support for the underlying basis for his misconduct—poor coping for the increasing family/life stressors—which manifested in insomnia, depression, and anxiety."[5]

### 2. Law and Analysis

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted).

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). Courts of Criminal Appeals "assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citation omitted). Although this court has broad discretion in determining whether a particular sentence is appropriate, and Article 66, UCMJ, empowers us to "do justice," we have no authority to "grant mercy" by engaging in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

A plea agreement with the convening authority is "some indication of the fairness and appropriateness of [an appellant's] sentence." *United States v. Perez*, No. ACM S32637 (f rev), 2021 CCA LEXIS 501, at *7 (A.F. Ct. Crim. App. 28 Sep. 2021) (unpub. op.); *see also United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (holding an "accused's own sentence proposal is a reasonable indication of its probable fairness to him" (citations omitted)).

Based on evidence admitted during presentencing proceedings and considered by the military judge in deciding sentence, Appellant was facing difficult and real personal concerns, including financial, child custody and childcare, relationship, and some associated mental health challenges. However, in facing these challenges, Appellant chose to engage in repeated misconduct over a period of several weeks, including several uses of illegal drugs. Some of Appellant's drug use occurred while he was aware he was already under

---

[5] Appellant does not, and did not at trial, assert that his "mental health concerns" rose to the level of exculpating Appellant or meriting assessment under R.C.M. 706.

investigation for misconduct. One instance of drug use, during which Appellant used cocaine laced with fentanyl, occurred in a car in a drug store parking lot while Appellant's 2-year-old son and then-girlfriend were in the car with him, and resulted in emergency personnel being called to resuscitate Appellant. Appellant was also convicted of failing to report to work on time on divers occasions, an offense for which he had been previously reprimanded. Though a minor offense, this misconduct meant Appellant was not performing his duties and required the time and attention of other unit members.

Appellant asserts he received "no unit support for the underlying basis for his misconduct—poor coping for the increasing family/life stressors—which manifested in insomnia, depression, and anxiety." This assertion of "no unit support" is belied by Appellant's own brief, in which Appellant acknowledges that his unit provided referrals to budgeting classes and switched his work assignments to accommodate childcare. Evidence adduced during the presentencing hearing indicated that to accommodate childcare scheduling, Appellant's unit moved his duty assignment from shift work to normal Monday through Friday business hours, perhaps an atypical arrangement for a junior enlisted member in a security forces squadron. Moreover, his commander initiated a commander-directed mental health referral for evaluation and services, which she terminated because Appellant indicated he was pursuing such services on his own.

Aware of all the evidence in mitigation and extenuation, the military judge sentenced Appellant to the shortest term of confinement permissible under the terms of the plea agreement, a plea agreement that allowed, but did not require, imposition of a bad-conduct discharge.

Having reviewed the entire record, we find Appellant's total sentence was not inappropriately severe and we affirm it, subject to our modification of the segmented sentence to confinement for the Specification of Charge I, to which we now turn.

**B. Impermissible and Inappropriate Segmented Sentence to Confinement**

**1. Additional Background**

The plea agreement in this case stated Appellant would be sentenced to concurrent periods of confinement of between 100 and 180 days for each of the specifications with which he was charged, explicitly including for the Specification of Charge I, which alleged a violation of Article 86, UCMJ. Consistent with the plea agreement, the military judge adjudged and entered 100 days of confinement for each of the five specifications of which Appellant was convicted, to be served concurrently, for a total of 100 days of confinement. This

included a sentence of 100 days' confinement for the Article 86, UCMJ, violation.

**2. Law**

We review issues of sentence appropriateness de novo. *Lane*, 64 M.J. at 2. This court "may act only with respect to the findings and sentence as entered into the record." Article 66(d)(1), UCMJ. Further, this court "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [it] finds correct in law and fact and determines, on the basis of the entire record, should be approved." *Id.*

"In announcing the sentence in a general or special court-martial in which the accused is sentenced by a military judge alone . . . , the military judge shall, with respect to each offense of which the accused is found guilty, specify the term of confinement . . . ." Article 56(c)(2), UCMJ, 10 U.S.C. § 856(c)(2). "The military judge at a general or special court-martial shall determine an appropriate term of confinement and fine, if applicable, for each specification for which the accused was found guilty . . . . [S]uch a determination may include a term of no confinement or no fine when appropriate for the offense," except when a mandatory minimum sentence applies. Rule for Courts-Martial (R.C.M.) 1002(d)(2)(A). The Discussion of this Rule further provides that "[t]he military judge should determine the appropriate amount of confinement or fine, if any, for each specification separately. The appropriate amount of confinement or fine that may be adjudged, if any, is at the discretion of the military judge subject to these rules." *Id.* at Discussion.

When entering judgment in a case where the accused was convicted of more than one specification and any part of the sentence was determined by a military judge, the judgment must specify:

> (A) the confinement and fine for each specification, if any; (B) whether any term of confinement shall run consecutively or concurrently with any other term(s) of confinement; and (C) the total amount of any fine(s) and the total duration of confinement to be served[ ] after accounting for . . . any terms of confinement that are to run consecutively or concurrently.

R.C.M. 1111(b)(2).

"The punishment which a court-martial may direct for an offense may not exceed such limits as the President may prescribe for that offense." Article 56(a), UCMJ, 10 U.S.C. § 856(a). "The maximum limits for the authorized punishments of confinement, forfeitures and punitive discharge (if any) are set forth for each offense listed in Part IV of this Manual." R.C.M. 1003(c)(1)(A)(i). "A sentence which exceeds the maximum punishment authorized by the Table of Maximum Punishments cannot be affirmed—however 'appropriate' it may

seem to an appellate tribunal." *United States v. Ortiz*, 24 M.J. 164, 171 (C.M.A. 1987).

The maximum punishment prescribed by the President for failing to go to, or going from, one's appointed place of duty in violation of Article 86, UCMJ, is "confinement for 1 month and forfeiture of two-thirds pay per month for 1 month." *Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶ 10.d.(1).

**3. Discussion**

One of many changes to the military justice system enacted as part of the Military Justice Act of 2016[6] (MJA 2016) was the institution of "segmented sentencing" when the sentence is adjudged by a military judge alone. Prior to MJA 2016, a court-martial would adjudge a "unitary sentence"—a single sentence that expressed the entire punishment for all findings of guilty. Under MJA 2016, a system of combined unitary and segmented sentences operates when a military judge decides sentence for multiple offenses. Under this system, a military judge announces and enters judgment of discrete sentences to any confinement or fines for each specification separately, indicating whether multiple sentences to confinement are to be served concurrently or consecutively. A unitary sentence based on all offenses of which an accused is convicted is adjudged and entered for any other components of the sentence, such as punitive discharge, reduction in grade, forfeitures, or reprimand.

Article 56, UCMJ, and R.C.M. 1002 are clear that the individual components of segmented sentences must comply with other sentencing rules. Yet none of the legal personnel involved with this case at trial recognized (or voiced such recognition) that the agreed-upon punishment range of 100 to 180 days' confinement for the violation of Article 86, UCMJ, was approximately three to six times the maximum confinement of one month authorized for that offense. To ensure clarity, we explicitly hold that under segmented sentencing procedures, the confinement or fine adjudged for each specification must comport with the maximum punishment applicable to that offense. It is necessary but insufficient that the total adjudged punishment does not exceed the combined maximum punishment available based on the offenses and court-martial forum; the individual segment of a sentence to any confinement or fine must also comport with the maximum punishment applicable to that offense. Counsel and military judges are further reminded that under segmented sentencing procedures, military judges are to determine an appropriate term of confinement (and fine, if applicable) for each specification *separately*. R.C.M. 1002(d)(2)(A).

---

[6] The act was part of the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001-5542, 130 Stat. 2000, 2894-2967 (23 Dec. 2016).

In addition to the problematic segmented sentence for the Specification of Charge I, there were four segmented sentences to confinement for 100 days. In accordance with the plea agreement, all sentences to confinement were adjudged to be served concurrently. Thus, in this case, adjudging a segment of confinement that exceeded the maximum punishment authorized for the specification, but which did not exceed the total confinement agreed upon under the plea agreement, resulted in no effective difference to Appellant's actual period of confinement to be served. That is, Appellant would have been sentenced to serve a total of 100 days' confinement whether the segmented sentence for the Specification of Charge I was 100 days (as it was), one month (the maximum authorized punishment), or no confinement. Thus, Appellant was not exposed to additional confinement time due to the military judge's error. Nevertheless, a record reflecting a sentence of over three times the maximum for the offense could theoretically prejudice Appellant in some future context. Moreover, we cannot approve a sentence that is not correct in law.

When the military judge adjudged and entered judgment for a sentence to confinement of 100 days for the Article 86, UCMJ, violation, she erred as a matter of law.[7] We may affirm only "the sentence or such part or amount of the sentence as [we] find[ ] correct in law and fact," and we may act only "with respect to the findings and sentence as entered into the record." Article 66(d)(1), UCMJ. Because segmented sentences to confinement are a required part of the entered sentence, R.C.M. 1111(b)(2), to approve an entered sentence we must ensure each component of the entered sentence is correct in law and fact. Accordingly, we must determine what part, if any, of the segmented sentence to confinement for the Specification of Charge I is correct in law and fact. The Government contends we should disapprove the period of confinement for the Specification of Charge I that exceeds one month, implicitly suggesting both that one month is appropriate for the offense and that the Government agrees such a remedy sufficiently allows the Government to enjoy the benefit of its plea agreement bargain. Appellant does not address this issue on appeal, and therefore does not suggest an alternative reduced sentence, limiting his discussion of the sentence solely to the claim of inappropriate sentence severity noted above.

We are mindful that after considering all the sentencing evidence, the military judge elected to sentence Appellant to the minimum period of

---

[7] We note that the military judge first erred by accepting a plea agreement in which the Government and Appellant agreed to an impermissible sentence. Neither party has suggested the plea agreement should be revisited, that Appellant's plea was improvident, or that the errors at trial involved ineffective assistance of counsel. Our sentence modification sufficiently addresses the error and we do not address these other possible issues.

confinement available under the range permitted by the plea agreement for each offense. But we also note that in the plea agreement, Appellant and the Government both agreed, albeit impermissibly, that Appellant could be confined for between 100 and 180 days for the Article 86, UCMJ, violation. Because one month of confinement is a lesser sentence than that to which Appellant agreed, and because the total sentence of confinement to be served remains the same (as all sentences to confinement run concurrently), Appellant continues to enjoy the full benefit of his plea agreement bargain under the Government's proposed modified confinement term of one month.

The segmented sentence for the Specification of Charge I shall be confinement for one month, to be served concurrently with the sentences to confinement for the other offenses, which are not affected by our modification. The remaining bad-conduct discharge, total sentence to confinement of 100 days, and reduction to E-1 are affirmed.

### III. CONCLUSION

We affirm only so much of the segmented sentence to confinement for the Specification of Charge I as provides for confinement for one month. We affirm the remainder of the sentence. The findings as entered and the sentence, as modified, are correct in law and fact, and no further error materially prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and sentence, as modified, are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

9