# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

### No. ACM 40274 (f rev)

———————————

### UNITED STATES
*Appellee*

**v.**

### Ian M. WILSON
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 5 February 2024

———————————

*Military Judge*: Bryon T. Gleisner (Article 30a proceedings); Brett A. Landry.

*Sentence*: Sentence adjudged 1 February 2022 by GCM convened at the Oakland County Circuit Court in Pontiac, Michigan. Sentence entered by military judge on 15 March 2022: Bad-conduct discharge, forfeiture of $1,190.00 pay per month for 2 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Matthew L. Blyth, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; Major Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge ANNEXSTAD joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

MASON, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge and one specification of desertion with an intent to remain away permanently terminated by apprehension, in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885.[1] The military judge sentenced Appellant to a bad-conduct discharge, forfeiture of $1,190.00 pay per month for two months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant originally raised three assignments of error: (1) whether this court should order correction of the entry of judgment, which incorrectly stated that the convening authority denied a deferment request when Appellant only made a suspension request; (2) whether a missing convening order necessitates remand; and (3) whether Appellant's sentence is inappropriately severe.[2]

Additionally, the court's review of the record indicated that the compact disc (CD) purporting to contain the audio recordings of all open sessions of the trial failed to capture the final session wherein the military judge apparently reopened Appellant's court-martial to announce his corrected sentence.

We remanded the case for correction of the entry of judgment (Issue 1), insertion into the record of trial of the missing convening order (Issue 2), and resolution of the issue of the missing audio recording of the last session of Appellant's court-martial. We deferred addressing Appellant's allegation that his sentence is inappropriately severe until the record was returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review. *See United States v. Wilson*, No. ACM 40274, 2023 CCA LEXIS 343, at *6 (A.F. Ct. Crim. App. 16 Aug. 2023) (unpub. op.). Issues 1 and 2 have been resolved as directed. The issue of the recording was also addressed and resolved. The case is returned to us for review. Appellant acknowledges that Issues 1 and 2 are now moot but still asserts that his sentence is inappropriately severe.

_____

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant raises the third issue regarding the severity of his sentence pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## I. BACKGROUND

Appellant was stationed at Nellis Air Force Base (AFB), Nevada. On 3 January 2021, Appellant knew that he was under investigation for an allegation of sexual assault in Oakland County, Michigan. On 9 February 2021, Appellant's mother called him and told him that the State of Michigan issued a warrant for his arrest. After he finished talking to her, Appellant packed his bags and transferred nearly $10,000.00 from his savings account to his checking account. He researched map information, "Canadian words," and area information. He got in his car and started driving north away from Nellis AFB, Nevada, with the intent to cross the border into Canada. At some point during the drive, Appellant formed the intent to remain away from his unit permanently. During the military judge's inquiry into the providency of Appellant's pleas, Appellant stated that he had driven too far to turn around and report to his next shift on time. He decided that he would continue driving towards the border and would not go back to his duty station. He proceeded until he was about 100 yards away from the United States–Canada border in Washington State, where he pulled into a neighborhood, parked, and contemplated whether he should cross the border. United States Border Patrol agents approached Appellant while he was parked and checked his identification. They learned of his deserter status and of open arrest warrants issued by the United States Air Force and the State of Michigan. The agents contacted the local police who arrested Appellant and arranged for his extradition to Michigan.

## II. DISCUSSION

### A. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 n.8 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved based on the entire record. Article 66(d), UCMJ. In determining whether a sentence should be approved, our authority is "not legality alone, but legality limited by appropriateness." *United States v. Nerad*, 69 M.J. 138, 141 (C.A.A.F. 2010). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record . . . ." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (citations omitted).

In conducting our review, we must also be sensitive to considerations of uniformity and even-handedness. *United States v. Sothen*, 54. M.J. 294, 296 (C.A.A.F. 2001).

When considering the appropriateness of a sentence, we may consider that a plea agreement to which Appellant agreed placed limits on the sentence that could be imposed. *See Fields*, 74 M.J. at 626.

While we have significant discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *Nerad*, 69 M.J. at 148.

**B. Analysis**

Knowing that he was facing imminent arrest by civilian authorities as part of a sexual assault investigation, Appellant transferred nearly $10,000.00 from his savings account to his checking account. He researched map information, "Canadian words" and area information, and fled his duty station. He was apprehended by Border Patrol agents only about 100 yards from the United States–Canada border.

Before trial, Appellant's trial defense counsel successfully negotiated a plea agreement that ensured Appellant would not be sentenced to any confinement or to a dishonorable discharge. Yet, Appellant personally asserts that his sentence is inappropriately severe.

We have conducted a thorough review of Appellant's entire court-martial record, including his record of service, and all matters submitted in extenuation and mitigation, including the fact that following his apprehension, he was confined awaiting trial for his civilian charge. We find that the nature and seriousness of the offense clearly support, at a minimum, the adjudged sentence. Thus, the sentence is not inappropriately severe, and we affirm the sentence as adjudged.

## III. Conclusion

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court