# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class SEAN J. DILLON**
**United States Army, Appellant**

ARMY 20160324

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Richard J. Henry, Military Judge
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant: Major Julie L. Borchers, JA; Captain Daniel C. Kim, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Wayne H. Williams, JA; Captain Joshua Banister, JA (on brief).

17 January 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

SCHASBERGER, Judge:

Sergeant First Class Sean Dillon argues he suffered unlawful post-trial punishment when his escorts publically removed the rank from his uniform immediately after trial. We agree. The public, premature removal of appellant's rank was unlawful and inappropriate. We grant relief in our decretal paragraph.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault, one specification of aggravated sexual assault of a child, one specification of aggravated sexual assault, one specification of forcible sodomy, and one specification of indecent acts with a child in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§920, 925, and 934.[1] The military judge sentenced appellant to

---

[1] Appellant's convictions span multiple revisions of the UCMJ. The military judge acquitted appellant of one specification of rape of a child, one specification of sexual assault, and one specification of sodomy of a child.

a dishonorable discharge, thirty years of confinement, and a reduction to the grade of E-1.  The convening authority approved the adjudged sentence, except that he approved only so much of appellant's sentence to confinement as extends to twenty-nine years and 11 months of confinement.

In addition to appellant's allegation of unlawful post-trial punishment, appellant alleges his conviction is legally and factually insufficient.  After a thorough review of the record we ourselves are convinced beyond a reasonable doubt appellant committed the offenses of which he was convicted.  We have also considered the initial matters and the further supplementary matters appellant raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).[2]  We find these matters merit no relief.

---

[2] Among other claims, appellant alleges ineffective assistance of counsel in that: (1) his defense counsel did not present sufficient evidence in mitigation regarding his medical issues; (2) his defense counsel did not ask for a DNA expert to counter the government expert; and, (3) his defense counsel did not ask for a post-trial 39(a) session to contest personal jurisdiction.  None of these claims warrant relief.

We find defense counsel's conduct within the range of reasonable professional assistance.  *Cf. United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007).  Defense counsel introduced ample evidence of appellant's medical issues, including witness testimony on the circumstances of appellant's injuries and corroboration of appellant's unsworn statement.  As to the need for an expert to understand or explain the DNA evidence, the defense team effectively countered the DNA evidence through cross-examination and appellant fails to show what more would be gained with expert assistance.  Further, "we need not determine whether any of the alleged errors [in counsel's performance] establish[] constitutional deficiencies under the first prong of *Strickland* . . . [if] any such errors would not have been prejudicial under the high hurdle established by the second prong of *Strickland*."  *Id.* (quotations omitted) (alterations original).  We find this is such a case.  There is no reasonable probability that, absent the alleged errors, the result would be different. *See United States v. Captain*, 75 M.J. 99, 103 (C.A.A.F. 2016).  Further, appellant's claim regarding personal jurisdiction is meritless.  Although appellant was close to retirement before any charges were preferred, he was not, in fact, retired.

Appellant's additional allegation of error is that he has been prohibited any contact with his minor biological sons due to blanket prison policies.  We conclude the reasoning of the majority opinion in *United States v. Jessie*, ARMY 20160187 (Army Ct. Crim. App. 28 Dec. 2018), applies to appellant.  Further, even if this court had decided *Jessie* differently, we would not find appellant's sentence inappropriate as— unlike in *Jessie*—appellant has not shown he exhausted administrative remedies.

2

# BACKGROUND

Appellant has fathered five children, two of whom are daughters. One daughter, CM, lived mostly with her mother. She would visit appellant for the summer. The other daughter, HD, lived with her parents and brothers during the times her mother and appellant were married. These periods were from HD's birth in 1995 through 2005 and then again in 2009 through 2014. During the four years her parents were divorced, HD and her brothers would visit appellant.

Appellant sexually abused his daughters. He sexually assaulted HD starting in 2007 when she was in the sixth grade. Appellant would take her to an attic bedroom of their house in Oklahoma and preform various sexual acts on her. This abuse continued until March 2014 when HD told her mother, who told a friend, who told the police. Appellant also sexually abused his older daughter, CM. In 2007, appellant committed an indecent act on CM when she was 14 years of age.

After trial, outside the courthouse, military escorts, including appellant's company commander, ripped appellant's rank insignia off his uniform. This was witnessed by several people including appellant's family members and a civilian witness from the trial. After having his rank removed, appellant was escorted to the hospital before being taken to jail. Several days later, during a meeting between appellant and his trial defense counsel, the defense counsel noted the absence of rank and asked appellant and appellant's company commander about it. Appellant's commander acknowledged the error.

Appellant first raised this issue of unlawful punishment in his Rule for Courts-Martial 1105 submissions. The Staff Judge Advocate (SJA) responded to this allegation in his addendum to the SJA's Recommendation, but claimed there was no legal error.

On appeal, appellant provided a signed personal statement[3] describing the events at issue, and provided an affidavit from a witness. The government provided no contrary evidence or affidavits.

---

[3] In the future, we will ordinarily expect such assertions to be made by way of affidavit to enjoy full evidentiary weight before this court. *See United States v. Tovarchavez*, 2017 CCA LEXIS 602, *2-9 (Army Ct. Crim. App. 2017). This court granted appellant's motion to attach his unsworn declaration prior to this court's memorandum opinion in *Tovarchavez*.

**LAW AND DISCUSSION**

It is unrebutted that appellant's chain of command publicly removed the rank from his uniform as he was led away from the courthouse. Appellant alleges this constitutes illegal post-trial punishment in violation of Articles 55 and 57 of the UCMJ. We agree in part.

We address the Article 57 claim first. Article 57(a) states: "Any. . . reduction in grade that is included in a sentence of a court-martial takes effect on the earlier of. . . the date that is 14 days after the date on which the sentence is adjudged; or. . . the date on which the sentence is approved by the convening authority." As the sentence was adjudged on 28 April 2016, and the convening authority did not take action until 20 October 2016, appellant's reduction in rank took effect on 12 May 2016, fourteen days after the sentence was adjudged. By removing appellant's rank, his chain of command purportedly reduced[4] him from the rank of Sergeant First Class to the rank of Private E1 on 28 April 2016. Although this act did not affect appellant's pay, we find it lowered his military status in the eyes of the military community prior to 12 May 2016, thus violating Article 57, UCMJ.

We next consider appellant's Article 55 argument. We review allegations of cruel or unusual punishment de novo. *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001). "Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, we apply the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, UCMJ." *United States v. Gay*, 74 M.J. 736, 740 (A.F. Ct. Crim. App. 2015) aff'd, 75 M.J. 264 (C.A.A.F. 2016). The Eighth Amendment forbids punishment that is "incompatible with the evolving standards of decency that mark the progress of a maturing society, or which involve the unnecessary and wanton infliction of pain." *United States v. Lovett*, 63 M.J. 211,214 (C.A.A.F. 2006) (citations omitted).

Having reviewed previous cases with similar circumstances, we find decisions on both sides of the issue. In *United States v. Fields*, the accused's first sergeant ordered the accused into the bathroom, ripped off his rank, and then brought him back to the court room. Our sister court found that the first sergeant's actions did

---

[4] There is no evidence that appellant's pay was reduced at this time, but forcing appellant to appear as a Private E1 is a loss in military status. *See* Dep't of Army Pam. 27-9, Legal Services: Military Judge's Benchbook, para. 8-3-31 (10 Sept. 2014). "A reduction carries both the loss of military status and the incidents thereof and results in a corresponding reduction of military pay."

not amount to a violation of Article 55 or the Eighth Amendment.[5] 74 M.J. 619, 623 (A.F. Ct. Crim. App. 2015). On the other hand, in *United States v. Anderson*, this court found a violation of Article 55 when a noncommissioned officer publically removed Sergeant Anderson's rank with a knife. 2005 CCA LEXIS 516 (Army Ct. Crim. App. 22 March 2005).

Relying on appellant's own assertions, his company commander removed his rank under the misunderstanding appellant's adjudged reduction took effect immediately. For this reason, we do not find the removal was done with the intent to degrade or humiliate appellant. Rather, we conclude appellant's commander removed the rank insignia in a manner similar to how he might have done it after imposition of non-judicial punishment under Article 15, UCMJ. Under the specific circumstance of this case, we find the removal of appellant's rank was not so "incompatible with evolving standards of decency" as to violate Article 55, UCMJ. Further, we find no evidence appellant's chain of command compounded their error by parading appellant in front of his unit or other soldiers to humiliate him. Therefore, we conclude the removal of appellant's rank, though contrary to Article 57, did not violate Article 55 or the Eighth Amendment.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, we affirm only so much of the sentence as provides for a dishonorable discharge, reduction to the grade of E-1, and confinement for twenty-nine years ten months and twenty-three days. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] The Air Force Court of Criminal Appeals found a violation of Article 57 and as a remedy did not affirm the reduction in rank.