# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40510**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Kristopher M. DOLEHANTY**
Captain (O-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 6 November 2024

————————————

*Military Judge*: Dayle P. Percle.

*Sentence*: Sentence adjudged 10 May 2023 by GCM convened at Robins Air Force Base, Georgia. Sentence entered by military judge on 22 June 2023: Dismissal, confinement for 59 days, and a reprimand.

*For Appellant*: Major Megan R. Crouch, USAF; Major Spencer R. Nelson, USAF; Major Rebecca J. Saathoff, USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF; Captain Heather R. Bezold, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and WARREN, *Appellate Military Judges*.

Judge GRUEN delivered the opinion of the court, in which Chief Judge JOHNSON and Judge WARREN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GRUEN, Judge:

In accordance with Appellant's pleas, and pursuant to a plea agreement, a general court-martial comprised of a military judge sitting alone convicted

Appellant of one specification of flight from apprehension, in violation of Article 87a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 887a,[1] and one specification of willfully disobeying a lawful command of a superior officer, in violation of Article 90, UCMJ, 10 U.S.C. § 890. Two specifications alleging sexual assault without consent; two specifications alleging sexual assault causing bodily harm; one specification alleging assault consummated by a battery; three specifications alleging domestic violence against a spouse; one specification alleging conduct unbecoming an officer; and one specification alleging indecent conduct, in violation of Articles, 120, 128, 128b, 133, and 134, UCMJ, 10 U.S.C. §§ 920, 928, 928b, 933, and 934, were dismissed with prejudice consistent with the terms of Appellant's plea agreement. The military judge sentenced Appellant to a dismissal, confinement for 59 days, and a reprimand. The convening authority took no action on the findings or sentence and denied Appellant's request for waiver of all automatic forfeitures.

Appellant raises two issues on appeal: (1) whether a plea agreement requiring dismissal for low-level offenses renders the sentencing procedure an "empty ritual" and violates public policy;[2] and (2) whether Appellant's sentence is inappropriately severe.[3]

We find no error materially prejudicial to Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant enlisted in the Air Force in January 2006. He attained the rank of Master Sergeant and then commissioned after being accepted to the Interservice Physician's Program. In his 17 years of service, Appellant deployed three times. After his deployment in 2011, he began having negative symptoms diagnosed later as post-traumatic stress disorder. As a result, he struggled with alcohol use disorder, anxiety, and depression, which influenced the misconduct resulting in the convicted offenses.

---

[1] All references in this opinion to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant's brief erroneously refers to dishonorable discharge in the stated issue. Appellant is an Air Force officer and was subject to dismissal, *see* Rule for Courts-Martial 1003(a)(8)(A), which is properly reflected in the entry of judgment as part of his sentence.

[3] Appellant personally raises both issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## II. DISCUSSION

### A. The Plea Agreement as an "Empty Ritual"

Appellant argues, "Including a mandatory dismissal as a plea term for a case involving low-level offenses is contrary to public policy" and thus should not be enforced. He further argues, "Requiring a mandatory minimum dismissal for low-level offenses prevents the military judge from being able to appropriately craft a sentence and disrupts their [sic] ability to ensure the ultimate sentence is 'sufficient, but not greater than necessary.'" (Footnote omitted). As explained below, we disagree.

#### 1. Additional Background

Appellant entered into a plea agreement with the convening authority. Part of the plea agreement stated the military judge would sentence Appellant to a dismissal. According to the agreement, Appellant acknowledged that the provisions of the plea agreement were in his best interest; that his trial defense counsel explained the plea agreement to him; that no one forced him into the plea agreement; and that he could withdraw from the plea agreement at any time before the sentence was announced.

Additionally, during the guilty plea inquiry, the military judge discussed the mandatory dismissal provision of the plea agreement with Appellant. Specifically, the military judge first informed Appellant that the maximum punishment authorized by law in the case, based solely on his plea of guilty, included dismissal. She also asked Appellant if he understood the authorized punishment, which Appellant confirmed he did. The military judge further covered the provision in his plea agreement at paragraph 4.b.iii[4] that mandated, "any sentence adjudged at a minimum, will include a dismissal." In ensuring Appellant understood this provision, she inquired whether Appellant "expressly desire[d] paragraph [4.b.iii] to be a term binding on th[e] court." Appellant confirmed he did. The military judge further explained the mandatory sentence of a dismissal from the court would result in a myriad negative consequences extending beyond his separation from the military. Ultimately, Appellant confirmed that he "fully underst[ood] the ramifications of a dismissal" and that it was his "express desire to agree to a term which the sentence includes a dismissal." Appellant did not raise any allegation of ineffective assistance of counsel pertaining to his trial defense counsel's advice as to the plea agreement, either at trial or now on appeal.

---

[4] At trial, and as part of the military judge's colloquy with Appellant regarding the plea agreement, the military judge noted that paragraph 4.b of the plea agreement was handwritten with the language, "iii, any sentence adjudged at a minimum, will include a dismissal." Appellant, his trial defense counsel, his civilian defense counsel, and two trial counsel initialed the entry agreeing to this addition to the plea agreement.

**2. Law**

We review questions of interpretation of plea agreements de novo. *See United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citation omitted); *United States v. Cron*, 73 M.J. 718, 729 (A.F. Ct. Crim. App. 2014) (citation omitted). An accused and a convening authority may enter into an agreement which includes limitations on the sentence that may be adjudged. Article 53a(a)(1)(B), UCMJ, 10 U.S.C. § 853a(a)(1)(B); Rule for Courts-Martial (R.C.M.) 705(b)(2)(E).

"This court has adopted the principle that terms in a pretrial agreement are contrary to public policy if they interfere with court-martial fact-finding, sentencing, or review functions or undermine public confidence in the integrity and fairness of the disciplinary process." *United States v. Kroetz*, No. ACM 40301, 2023 CCA LEXIS 450, at *8–9 (A.F. Ct. Crim. App. 27 Oct. 2023) (unpub. op.), *rev. denied*, 84 M.J. 417 (C.A.A.F. 2024).

**3. Analysis**

> Different panels of this court have dealt with the issue of whether a plea agreement requiring a punitive discharge renders the sentencing procedure an empty ritual and thus violates public policy. We highlight five opinions where this court found that a plea agreement requiring a punitive discharge does not render the sentencing procedure an empty ritual and, as such, does not violate public policy. We generally agree with the analysis and holdings of each.

*United States v. Conway*, No. ACM 40372 (f rev), 2024 CCA LEXIS 290, at *10 (A.F. Ct. Crim. App. 19 Jul. 2024) (unpub. op.) (citing *United States v. Reedy*, No. ACM 40358, 2024 CCA LEXIS 40, at *13–14 (A.F. Ct. Crim. App. 2 Feb. 2024) (unpub. op.); *Kroetz*, unpub. op. at *17–18; *United States v. Walker*, No. ACM S32737, 2023 CCA LEXIS 355, at *2–3 (A.F. Ct. Crim. App. 21 Aug. 2023) (per curiam) (unpub. op.) (citation omitted); *United States v. Geier*, No. ACM S32679 (f rev), 2022 CCA LEXIS 468, at *13 (A.F. Ct. Crim. App. 2 Aug. 2022) (unpub. op.)).

Appellant's plea agreement term regarding a dismissal was not prohibited by law or public policy as it did not deprive Appellant of his opportunity to secure a fair and just sentence. Moreover, the military judge had discretion in determining other aspects of an appropriate sentence in that the plea agreement dictated a maximum confinement of 70 days each for the Specification of Charge I (flight from apprehension) and the Specification of the Second Additional Charge (willful disobedience) to run concurrently and no minimum sentence to confinement was mandated, which further supports

the sentencing proceedings were not rendered an "empty ritual." Therefore, no relief is warranted.

## B. Sentence Severity

Appellant claims "[t]aking into consideration the original charges, the facts surrounding the charged offenses, [Appellant's] life experiences, and his acceptance of complete responsibility," his sentence to a dismissal is inappropriately severe. We disagree.

### 1. Additional Background

Appellant points to the following matters in arguing the dismissal he bargained for in his plea agreement is too severe: Appellant had a substance use disorder and multiple mental health conditions and yet, he served honorably for approximately 17 years; he was selected for a prestigious and competitive officer program; and he successfully transitioned from the enlisted ranks to becoming an officer. Appellant further argues that the crimes for which he was convicted are not severe enough to warrant a dismissal.

The record shows that while Appellant was subject to a protective no-contact order because he was under investigation for harassing his ex-wife and for committing acts of violence against his stepson, he nevertheless chose to attend his stepson's school event putting him in contact with his ex-wife in violation of the order. Knowing he was violating the order, he chose to remain at the event in violation of the terms of the order. Further, knowing he was apprehended by Air Force Office of Special Investigations (OSI) agents, Appellant disregarded instructions given to him by the agents to remain in the interview room wherein he was being questioned. While trying to leave OSI, and while being told by the agents that he was not free to leave, Appellant physically pulled away from the agents and left the building. Agents had to physically restrain the fleeing Appellant outside the building in order to maintain control of the situation.

Matters in aggravation were presented during pre-sentencing, which included two letters of reprimand (LOR). One documented Appellant's abuse of his ex-wife by penetrating her vagina with a hair brush and his fingers without her consent; abuse of his 12-year-old stepson by hitting him in the face with his hand and a belt; mistreating an enlisted Airman by pretending to lose his key as a ruse to get her alone and assault her; texting another female subordinate inappropriately; and making false statements regarding his licensing, alcohol and drug abuse, and clinical privileges. The second LOR addressed Appellant's drug abuse and use of his rank and position to interfere in an investigation. Appellant offered no character statements or other evidence in mitigation.

**2. Law**

This court reviews issues of sentence appropriateness de novo. *See United States v. McAlhaney*, 83 M.J. 164, 166 (C.A.A.F. 2023) (citing *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006)). Our authority "reflects the unique history and attributes of the military justice system, [and] includes . . . considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only so much of the sentence as we find correct in law and fact. Article 66(d), UCMJ, 10 U.S.C. § 866(d). In reviewing a judge-alone sentencing, we "must consider the appropriateness of each segment of a segmented sentence and the appropriateness of the sentence as a whole." *United States v. Flores*, 84 M.J. 277, 278 (C.A.A.F. 2024).

"We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citation omitted). Although the Courts of Criminal Appeals are empowered to "do justice" we are not authorized to grant mercy. *United States v. Guinn*, 81 M.J. 195, 203 (C.A.A.F. 2021) (citation omitted). In the end, "[t]he purpose of Article 66[ ], UCMJ, is to ensure 'that justice is done and that the accused gets the punishment he deserves.'" *United States v. Sanchez*, 50 M.J. 506, 512 (A.F. Ct. Crim. App. 1999) (quoting *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988)).

R.C.M. 1003(b)(8)(A) explains that regardless of the maximum punishment specified for an offense "a dismissal may be adjudged for any offense of which a commissioned officer . . . has been found guilty."

"Absent evidence to the contrary, [an] accused's own sentence proposal is a reasonable indication of its probable fairness to him." *Cron*, 73 M.J. at 736 n.9 (quoting *United States v. Hendon*, 6 M.J. 171, 175 (C.M.A. 1979)). When considering the appropriateness of a sentence, courts may consider that a pretrial agreement or plea agreement, to which an appellant agreed, placed limits on the sentence that could be imposed. *See United States v. Fields*, 74 M.J. 619, 625–26 (A.F. Ct. Crim. App. 2015).

**3. Analysis**

Appellant claims that dismissal is inappropriately severe because there was no evidence that any alleged victim or law enforcement member was injured or had any lasting impact from the offenses he committed. He further argues the low confinement time and lack of forfeitures or fines assessed indicates there is a possibility the military judge would not have adjudged dismissal but for the terms of the plea agreement mandating dismissal. The

military judge adjudged 59 days of confinement for the fleeing apprehension conviction and 31 days of confinement for willfully disobeying a lawful command—both sentences to run concurrently. We do not agree the low level of confinement and lack of forfeitures or fines necessarily indicate the military judge would not have adjudged dismissal but for the terms of the plea agreement as it is just as likely she adjudged low levels of confinement understanding dismissal was mandatory. Regardless of the maximum punishment specified for an offense, "a dismissal may be adjudged for any offense of which a commissioned officer . . . has been found guilty." R.C.M. 1003(b)(8)(A). We will not guess at the military judge's deliberative process and we find the sentence was not inappropriately severe.

Based on our individualized consideration of Appellant, his character, his service record, and the nature and seriousness of the offenses with which he was convicted, we find the sentence, including the dismissal, is not inappropriately severe in this case.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. *See* Articles 59(a), 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court