# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40608**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dyllin V.E. ROBERTS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 September 2025

————————————

*Military Judge*: Matthew P. Stoffel (pretrial), Mark F. Rosenow (arraignment and motions), Bradley J. Palmer (trial).

*Sentence*: Sentence adjudged 15 October 2023 by GCM convened at Joint Base Andrews, Maryland, Kadena Air Base, Japan, and Barksdale Air Force Base, Louisiana. Sentence entered by military judge on 21 December 2023: Dishonorable discharge, confinement for 14 years, reduction to E-1, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF; Captain Samantha M. Castanien, USAF; Dwight H. Sullivan, Esquire.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel J. Pete Ferrell, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Captain Heather R. Bezold, USAF; Mary Ellen Payne, Esquire.

Before DOUGLAS, MASON, and KUBLER, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Senior Judge DOUGLAS and Judge KUBLER joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MASON, Judge:

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of four specifications of sexual abuse of a child and two specifications of sexual assault of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b, as well as one specification of attempting to make an indecent recording, in violation of Article 80, UCMJ, 10 U.S.C. § 880.[1] Appellant elected sentencing by military judge. The military judge sentenced Appellant to a dishonorable discharge, confinement for 14 years, reduction to the grade of E-1, and a reprimand. Post-trial, Appellant requested a deferment of the reduction in grade until the entry of judgment (EoJ) and a waiver of the automatic forfeitures for a period of six months. The convening authority took no action on the findings or sentence but granted both deferment requests.

Appellant raises 13 issues on appeal, which we have reworded: (1) whether the Government's failure to docket the case within 150 days of the EoJ warrants relief; (2) whether Appellant's sentence for sexual assault of a child is inappropriately severe; (3) whether the EoJ erroneously cites the Article of which Appellant was found guilty and thus, requires correction; (4) whether Appellant was entitled to a unanimous verdict; (5) whether the military judge erred in admitting HC's prior statements to investigators because a third party was present in the interview room; (6) whether the military judge erred in admitting a note from Appellant to HC and permitting trial counsel to argue that it constituted proof of consciousness of guilt; (7) whether the military judge erred by admitting evidence derived from DNA swabs from Appellant because of a "compromised" chain-of-custody; (8) whether the military judge erred by admitting unreliable testimony concerning a witness's experiment with attempting to take photographs of a rainstorm and extrapolation of his findings to a photograph of a bathroom shower; (9) whether the military judge erred by declining to ask a member's question concerning the definition of sexual gratification; (10) whether Appellant's convictions are legally and factually insufficient because HC's inconsistencies render her testimony unreliable; (11) whether Appellant's convictions are legally and factually insufficient because they were influenced by "implausible" DNA evidence; (12) whether the military judge erred by declining to ask a member's question concerning HC's return to Appellant's apartment after reporting the alleged offenses; and (13) whether Appellant's sentence that included confinement for 14 years is inappropriately

---

[1] Unless otherwise noted, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

severe when compared to sentences from other comparable, or even more serious, offenses.[2]

In our initial review, we noted that the military judge omitted nearly all of the section of the standard instructions from the *Military Judges' Benchbook* entitled, "Closing Substantive Instructions on Findings," including the required instruction that the members may only consider matters properly before the court-martial. Dept. of the Army Pamphlet 27-9 at 67 (29 Feb. 2020). As a result, we specified the following issue and ordered briefing from the parties: whether the military judge's failure to include the required instruction pursuant to Rule for Courts-Martial (R.C.M.) 920(e)(4) that the members may only consider matters properly before the court-martial resulted in prejudicial error. Commendably, Appellant's counsel correctly concedes that the issue was waived and that we do not have authority in this particular case to pierce that waiver. *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020); *United States v. George*, No. ACM 40397, 2024 CCA LEXIS 224, at *2–3 (A.F. Ct. Crim. App. 7 Jun. 2024) (unpub. op.) (noting that this court no longer has the ability to pierce waiver with regard to findings "to address what would otherwise be prejudicial error"). Thus, Appellant is not entitled to relief.

With regards to issue (3), Appellant asserts that the EoJ erroneously reflects that Appellant was found guilty of the completed offense of making an indecent recording in violation of Article 120c, UCMJ, and that it should reflect that he was found guilty of the offense of attempting to make an indecent recording in violation of Article 80, UCMJ. Appellee concurs and urges us to exercise our power pursuant to R.C.M 1111(c)(2) to correct the error. We agree that we can and should correct the error. We take corrective action in our decretal paragraph.

We have carefully considered issue (4) and find it does not require discussion or relief. *See United States v. Anderson*, 83 M.J. 291, 302 (C.A.A.F. 2023). We have also carefully considered issues (5) through (12) and find that they do not warrant discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). We address issue (13) in conjunction with issue (2) below. Regarding the remaining issues, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the modified findings and sentence.

## I. BACKGROUND

In December 2020, Appellant was stationed at Kadena Air Base, Japan. He had a 12-year-old daughter, HC. HC had generally grown up without her

---

[2] Appellant raises issues (5) through (13) in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

mother and was taken care of mostly by her great-grandparents as she was born when Appellant was 16 years old. But in December 2020, HC moved to Japan to live with her father, Appellant.

Within a short time of HC moving in with him, Appellant began sexually abusing HC. This sexual abuse began with touching of her breasts and progressed into touching of HC's vagina. This molestation continued from February 2021 to July 2021. Appellant engaged in this conduct approximately three to four times per week lasting from 30 to 45 minutes per incident.

On 25 July 2021, while abusing HC, Appellant rubbed the outside of her vagina and put his fingers inside her labia. Distraught, HC retreated to her room, curled up in a ball, and cried. The next day, HC shared with a friend what Appellant was doing to her. That friend told her parents. The parents came to pick up HC and reported the abuse to the authorities. An investigation ensued and the case was referred to trial by court-martial.

## II. DISCUSSION

### A. Sentence Comparison and Appropriateness

#### 1. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record . . . ." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (citations omitted). We must also be sensitive to considerations of uniformity and even-handedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001). While we have significant discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

When conducting our review, we not only consider the appropriateness of the entire sentence, but also "must consider the appropriateness of each segment of a segmented sentence." *United States v. Flores*, 84 M.J 277, 281 (C.A.A.F. 2024).

Courts of Criminal Appeals (CCAs) are "not required . . . to engage in sentence comparison with specific [other] cases 'except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)) (additional citation omitted). Cases are "closely related" when, for example, they involve "co[-]actors involved in a common crime,

servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* "[A]n appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are highly disparate." *Id.*

A CCA is not required to compare an appellant's case to non-closely related cases. *United States v. Wacha*, 55 M.J. 266, 267 (C.A.A.F. 2001) (citations omitted). "The appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases." *United States v. Le-Blanc*, 74 M.J. 650, 659 (A.F. Ct. Crim. App. 2015) (en banc) (citing *Ballard*, 20 M.J. at 283).

### 2. Analysis

Appellant, through counsel, challenges the appropriateness of his sentence and, personally, urges us to compare his sentence to other cases. In support of his sentence comparison request, he cites to four other cases involving, according to him, "unrelated" cases where those appellants were convicted of, according to him, "comparable or more aggravated offenses" but were sentenced to less confinement. While we acknowledge that we could compare Appellant's sentence to other cases, we decline to do so here. Appellant has not shown that the cited cases are closely related. Further, a sentence appropriateness determination does not require reference to the alleged disparate sentences in those cases.

The question before us is straightforward. Is Appellant's sentence, particularly the confinement term of 14 years, inappropriately severe considering all the matters of record *in this case*? We conclude the sentence is appropriate.

Appellant took in his daughter, who had not been previously living with him, and moved with her to another country. Shortly after arriving and before she could establish many significant relationships for support, he began sexually abusing her. His criminal conduct repeated for months with the duration of each session becoming increasingly oppressive. This conduct continued until HC finally reported the molestation to her friend. The record makes clear that the reason this conduct stopped was because of the friend's parents' intervention.

Appellant's sexual abuse left long-lasting impacts on HC, physical and psychological. She suffered from panic attacks, anxiety, facial and finger twitching, and bed wetting. The depths of the psychological impact were manifested by HC's depression that culminated in her carving the word "worthless" into her own skin.

In the presentencing proceedings, Dr. GH, a forensic psychologist, testified that studies indicate that similarly situated victims have an increased risk of

displaying behavior disorders and dysfunction, higher incident rates of juvenile delinquency, academic difficulties, and substance abuse.

During these proceedings, Appellant presented testimony from Dr. JM, a forensic psychologist, who opined Appellant's rehabilitative potential was high and likelihood of recidivism was low. Additionally, Appellant presented a photographic biography and an unsworn statement.

We have assessed the appropriateness of Appellant's sentence, considered this particular appellant, the nature and seriousness of the offenses, his record of service, and all matters contained in the record. As a whole, Appellant's sentence is not inappropriately severe. We have also evaluated each segment of Appellant's sentence and find that none of the segments are inappropriately severe.

## B. Post-Trial Delay

### 1. Additional Background

Appellant was sentenced on 15 October 2023 following a seven-day, fully litigated general court-martial. The transcription for the case consisted of over 1,600 pages and was completed on 14 February 2024. On 24 April 2024 the 11-volume record of trial was sent to the Air Force Military Justice Policy Division. On 7 May 2024, the case was docketed with this court, 205 days after Appellant was sentenced.

In response to Appellant's allegation of error for post-trial delay, Appellee moved to attach a chronology from the case paralegal providing details as to the processing of the record of trial. We granted that motion to attach and consider it here. *See United States v. Jessie*, 79 M.J. 437, 445 (C.A.A.F. 2020).

### 2. Law

"Due process entitles convicted service members to a timely review and appeal of court-martial convictions." *United States v. Moreno*, 63 M.J. 129, 132 (C.A.A.F. 2006) (citation omitted). Whether an appellant has been deprived of his due process right to speedy post-trial and appellate review, and whether constitutional error is harmless beyond a reasonable doubt, are questions of law we review de novo. *United States v. Prasad*, 80 M.J. 23, 29 (C.A.A.F. 2020) (citation omitted); *United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011) (citing *Moreno*, 63 M.J. at 135).

A presumption of unreasonable delay arises when the case is docketed more than 150 days from an appellant being sentenced. *United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020) (citation omitted). A presumptively unreasonable delay triggers an analysis of the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and

appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (additional citations omitted).

"We analyze each factor and make a determination as to whether that factor favors the Government or the appellant." *Id.* at 136 (citation omitted). Then, we balance our analysis of the factors to determine whether a due process violation occurred. *Id.* (citing *Barker*, 407 U.S. at 533) ("Courts must still engage in a difficult and sensitive balancing process."). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* (citation omitted). However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

A CCA may provide appropriate relief for excessive post-trial delay even in the absence of a due process violation. Article 66(d)(2), UCMJ, 10 U.S.C. § 866(d)(2). Appropriate relief is not necessarily synonymous with meaningful relief. *United States v. Valentin-Andino*, 85 M.J. 361, 366 (C.A.A.F. 2025).

Additionally, "although it is within a [CCA's] discretion to place its reasoning about Article 66(d)(2)[, UCMJ,] relief on the record, it is not required to do so." *Id.* at 367 (citing *United States v. Winckelmann*, 73 M.J. 11, 16 (C.A.A.F. 2013)).

### 3. Analysis

As Appellant and Appellee agree, the record of trial for this case was not docketed with the court within 150 days from sentencing and therefore, the 205 days it took in this case presents a facially unreasonable delay. We analyze the *Barker* factors to determine whether a due process violation occurred.

The particularly long transcription of the proceedings in this case took 121 days. This timeframe, in this particular case, is not surprising or unreasonable. The Government took an additional 84 days from completion of the transcript to when this court docketed the case. The chronology provided by the case paralegal gives insight into what was happening with the processing but provides little justification for the delay in this time period. For example, the record spent weeks "with leadership for review." Moreover, there appears to have been a scanning issue regarding some of the exhibits. Notably, these issues were encountered after the transcription was completed. In other words, tasks that easily could have been completed while the transcription was being prepared were left for completion until after the transcription was done. This is not a "best practice" that often results in unnecessary delays in post-trial processing. However, it is not our job to prescribe best practices. Rather, we apply the law and provide relief where warranted.

Here, the length of delay is presumptively unreasonable, but not particularly egregious in the context of the length and complexity of this case. The reasons for the delay weigh in favor of Appellant, but only slightly. The record does not reflect and Appellant does not contend that he demanded speedy appellate review. Nor does Appellant assert that he was prejudiced in a particular way. In his brief, he states that he "does not allege that the delay thus far has violated his constitutional due process right to timely appeal." We agree. That he did not demand speedy review or show prejudice weigh in favor of the Government. Evaluating all of the factors, we do not find a due process violation.

Appellant urges us to utilize our statutory authority to grant relief for the post-trial delay. We also conclude there is no basis for relief under Article 66(d)(2), UCMJ, in the absence of a due process violation. Considering all the facts and circumstances of Appellant's case, we decline to exercise our Article 66(d), UCMJ, 10 U.S.C. § 866(d), authority to grant relief.

## III. CONCLUSION

The entry of judgment is modified by excepting "Art 120c" from the "Arraigned Offense(s)" for Charge II and substituting therefore "Art 120c (amended after arraignment to delete '120c' and replace it with '80')." The findings are correct in law. *Manual for Courts-Martial, United States* (2024 ed.). In addition, the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court